[Davidson v. The State, ex rel. Woodruff.]

# Davidson *v.* State, *ex rel.* Woodruff.

*Information in nature of Quo Warranto, to try Right to Municipal Office.*

1.  *Contested election; conclusiveness of judgment.*—The judgment rendered on the trial of a contested election, before a court or magistrate clothed with statutory jurisdiction of such proceeding, is conclusive in a subsequent action of *quo warranto*, as to the right to the office, in favor of the party to whom it is awarded.

2.  *Contested municipal election under charter of Selma; filing papers.*—Under the charter of the city of Selma (Sess Acts 1874-5, p. 362, § 16), jurisdiction to try a contested municipal election is conferred, not on the Circuit Court, but on the judge thereof as a magistrate; and there is no express requisition that the application and notice of contest shall be filed with the clerk, or in his office.

3.  *Same; waiver of irregularities.*—When the parties to a contested election appear before the court or officer who is clothed by statute with jurisdiction to hear and determine the contest, and, without objecting to the sufficiency or regularity of the preliminary proceedings by which the contest was initiated, engage in a trial on pleadings and proof, defects in such preliminary proceedings are waived, and can not be set up in a subsequent action founded on the judgment.

4.  *General charge on evidence, and invading province of jury.*—When the evidence, though partly oral, is without conflict, and establishes the plaintiff's right to recover, the court may instruct the jury, "*if they believe the evidence,* they must find the issue in favor of the plaintiff." But it is error to add to such charge these words: "The form of your verdict, under this charge, will be, *We, the jury, find the issue in favor of the plaintiff.*" Although the general charge does not invade the province of the jury, these words take from them the right to determine the credibility of the oral testimony.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. GEO. H. CRAIG.

This action was brought in the name of the State, on the relation of N. W. Woodruff, against Robert J. Davidson, to test his right to hold the office of mayor of the city of Selma; and was commenced on the 29th September, 1879. On the trial, numerous exceptions were reserved by the defendant to the rulings of the court on the pleadings and evidence, and in the charges given; and all these rulings are now assigned as error, being twenty-three in all. The opinion of the court states the facts deemed material to an understanding of the points decided, and any further statement of facts is unnecessary.

WHITE & WHITE, PETTUS, DAWSON & TILLMAN, J. F. JOHNSTON, and SATTERFIELD & YOUNG, for appellant.

[Davidson v. The State, ex rel. Woodruff.]

CLOPTON, HERBERT & CHAMBERS, *contra.*

MANNING, J.—At an election for mayor of the city of Selma, on the 5th of May, 1879, the parties to this cause, Davidson and Woodruff, were voted for as candidates for the office; and upon a counting of the votes by the city council, whose duty it was, in the first instance, to do so, that body declared Davidson elected. He thereupon, after being duly sworn, entered upon the discharge of the duties of the office.

The charter of the city (Acts 1874-5, 362) provides : " That if any municipal election, in and for the city of Selma, shall be contested, it must be contested before the judge of the Circuit Court of Dallas county ; . . . and the judge trying the same may hear and determine the contestation in vacation, or in term time." According to section 18, " the party contesting shall file his application, and give notice of such contest to the judge of said Circuit Court, and the person or persons whose election is so contested, within fifteen days next succeeding said election." By section 20 it is enacted, " that after the testimony on both sides is completed, the judge trying the cause may examine the poll-list and ballots, and pronounce judgment in the cause according to the facts."

Woodruff contested the election with Davidson, and, on the 13th of the same month (May, 1879), presented to the judge of Dallas Circuit Court his application for that purpose, and made oath thereto before him ; annexed to which, he delivered also to the judge a notice, that he therewith filed his application to him to hear and determine the contestation. The papers were marked, " Filed May 13th, 1879 ;" signed, " *G. H. Craig,* Judge."

The parties appeared before the judge ; allegations of illegal votes cast, and of legal votes refused, at the election, were made on both sides ; and an examination and trial were had, which resulted in a judgment of the circuit judge that awarded the office of mayor to Woodruff ; and Davidson having refused to yield it, Woodruff brought this action against him, in the nature of the action of *quo warranto.*

That such a judgment, duly rendered in a contestation of that kind, establishes the right of the party to whom the office is thus adjudged, was settled in *Moulton v. Reid,* 54 Ala. 320. The subject was fully considered in that case, and it furnishes the rule by which this must be decided.—See, also, *Beebe v. Robinson,* 52 Ala. 66.

Appellant's counsel insist, however, that the circuit judge did not acquire jurisdiction to render the judgment set up ; and they objected to the admission of it, and of other docu-

ments connected therewith, as evidence on the trial of this cause. The authority of the judge, to try and determine such a contestation, they say, was of a special character, and could not be exercised without its being made to appear that every preliminary act, prescribed in the statute, was performed ; and this, it is alleged, was not done in this instance, because the application to the judge, though handed to, and marked "filed" by him, was not filed with *the clerk* of the Circuit Court. Whether this would be essential or not, in any case, we need not pause to consider. We only remark, that the statute did not, as our quotations from it show, expressly require the filling to be with the *clerk*, or in his office ; and the jurisdiction is not given to the Circuit Court, but to the judge thereof, as a magistrate.

When it appears, as in this case it does, that the subject-matter of a litigation is within the jurisdiction of the court or magistrate determining it, and the parties actually appear on both sides, and, making no objection to any omission in the preliminary proceedings by which the contestation is instituted, engage in controversy, by pleadings and evidence upon the merits of the claim, objections to the mode or form of such prior proceedings are waived. Parties cannot be allowed to speculate, in this manner, on gaining advantage of an adversary, who, if the decision go against him, will be bound by the judgment, and then be heard to contend that they are not bound thereby if it be rendered against them. *Rutherford's Adm'rs v. Smith*, 27 Ala. 417 ; *King v. Armstrong*, 14 Ala. 293.

The proceedings and judgment on that contestation were, therefore, properly admitted in evidence on the trial of this cause, *quo warranto ;* and the circuit judge did not err in overruling the objections of defendant thereto.

The jury were instructed, " that if *they believed the evidence,* in this case, they must find the issue in favor of the plaintiff, N. Woodruff, and against the defendant, Robert J. Davidson." This charge referred it to them, as was proper, to determine what credit was due to the testimony of each witness ; and in that form it was, according to our view of the case, unexceptionable. But it was not left so by the circuit judge. Exception having been taken to that charge, the bill of exceptions informs us, " the court then, after reading the above charge to the jury, said to then, 'The form of your verdict, under this charge, will be, *We, the jury, find the issue in favor of the plaintiff, N. Woodruff, and against the defendant, Robert J. Davidson.'"*

Very similar to this was the action of the circuit judge in *Crutcher v. M. & C. R. R. Co.*, 38 Ala. 584, except that the

jury was not informed in this case, as in that they were, that by not finding a verdict as instructed, they might "subject themselves to the consequences of a contempt of court." But such a circumstance is not material so far as the legal question is concerned. This court, in that case, said: "If there was a question for the jury to determine, their deliberations should have been left free and uncontrolled. That there was such a question, is clearly implied from the charge given;" which was, "if *the jury believe the evidence*, they must find for the defendant." But, says the court, "in assuming to control the decision of that question the court erred. The charge" (meaning the whole charge, with the subsequent addition, that their deliberations "must result in a verdict for defendant") "is upon its face erroneous, in that it refers a question to the jury, and then assumes to control its decision."

That is exactly what was done here. By repeating the charge—that, "if they believe the evidence," they must return a verdict in favor of Woodruff—and then adding, "the form of your verdict, *under this charge, will be*, 'We, the jury, find the issue in favor of the plaintiff, N. Woodruff,'" &c., the circuit judge prescribed their verdict, and, consequently, decided a question of fact on which it depended, and which they alone had authority to determine.

It is a rule, founded on numerous cases in this court, that "when a question of fact is involved, dependent on oral testimony, the credibility of the evidence must be referred to the jury; and a charge assuming the credibility of the testimony, is erroneous, though it is clear and undisputed."—See the authorities collected in 1 Brickell's Dig. 336, § 8, and other sections; also, *Stewart v. Russell*, 38 Ala. 619.

To place himself in a situation to entitle him to be admitted as mayor, Mr. Woodruff must have taken the oath of office; and there was oral testimony that he had done so. But it was for the jury alone, and not for the judge, to pass on the credibility of this oral testimony, and determine what was proved thereby. That magistrate went beyond his province, when, in his charge, he assumed as true the evidence of the witness, and, upon such assumption, instructed the jury that, under the charge he had given them, the form of their verdict must be, "We, the jury, find the issue in favor of the plaintiff," &c. We cannot know that this error of the judge did not work an injury to the defendant; because we cannot know what conclusion on the question of fact the jury would have reached, if left untrammeled.

Let the judgment of the Circuit Court be reversed, and the cause remanded.