# Scott v. The State.

*Indictment for Assault with Intent to Murder.*

1. *Jeopardy; when it begins; when discharge of jury equivalent to an acquittal.*—In a criminal prosecution, the defendant is placed in legal jeopardy when his case is presented to the jury, which occurs when the jury has been impanelled and sworn, and a sufficient indictment has been read and pleaded to by the defendant; and a discharge of the jury thereafter, without the consent of the defendant or for any cause not legally sufficient, is equivalent to an acquittal

2. *Same; facts in this case.*—Under a plea of former jeopardy in a felony case, the following facts appeared: There were upon the docket two cases against the defendant, entitled alike, one immediately following the other, the first for a misdemeanor and the second a felony (the present case). The judge called one of the cases, but did not specify, either by its number or otherwise, which case was called. The State announced ready, as did the defendant, after the solicitor agreed to admit the showing of his absent witnesses. A jury was impanelled out of the jurors for the week, both sides having exercised the right of challenge. The solicitor then read the indictment charging the misdemeanor, whereupon the defendant objected and stated that he was not being tried for the misdemeanor but for the felony, and that his showing, which was admitted by the State, was in the felony case, and that he was not ready for trial in the misdemeanor case. The court stated that he had called the felony case, but upon the insistence of the solicitor that the cases be tried in their order on the docket, the court discharged the jury selected for the felony case and proceeded to the trial of the misdemeanor. *Held*: That these facts under the plea of former jeopardy in the subsequent trial of the felony case, did not show that the defendant had been placed in jeopardy in the felony case, and that the defense of former jeopardy was not maintainable.

3. *Same; same; general charge of the court.*—While the court upon

Vol. 110.

[Scott v. The State.]

such facts could properly give the general affirmative charge for the defendant, the additional instruction thereto that all the jury had to do in such case was "to say we, the jury, find in favor of the State," is erroneous, as taking from the jury the right to pass upon the credibility of the evidence.

4. *Remarks of counsel; when improperly made.*—Where, during the trial of a criminal case, upon the defendant's being examined as a witness, he was asked a question tending to incriminate him, to which question his counsel objected, and the defendant answered the question in the negative. a remark by the solicitor in the presence of the court and jury, substantially, that just as the defendant was about to admit the commmission of the offense, "his attorney objected and he changed his mind and answered something else," being a mere inference by the solicitor of a fact which was unsupported by the evidence, is improper, and is a ground for reversal, where the court, on objection on the part of the defendant, refused to admonish the solicitor and to exclude such remark from the consideration of the jury.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. H. C. SPEAKE.

The appellant was indicted, tried and convicted of an assault upon one John Mosley with a knife, with intent to murder him, and was sentenced to the penitentiary for twenty-five months.

The facts of the case, showing the rulings of the court which are reviewed on the present appeal, are sufficiently stated in the opinion.

GRAYSON & FOSTER, for appellant.—The court erred in giving the general affirmative charge in favor of the State. The evidence upon which appellant relied to support the defense of former jeopardy was uncontroverted, and the only question for the consideration of the court is, whether it presents a case entitling him to invoke the constitutional guaranty against being twice tried for the same offence. Appellant's contention is sustained by the great weight of authority.—*Ned v. State,* 7 Port. 187; *Cobia v. State,* 16 Ala. 781; *McCauley v. State,* 26 Ala. 135, *Grogan v. State,* 44 Ala. 9; *Foster v. State,* 88 Ala. 182; *Bell v. State,* 44 Ala. 393; 11 Amer. & Eng. Encyc. of Law, p. 933; 1 Bishop's Crim. Proc. (4th ed.) 481; 1 Bishop's Crim. Law, (8th ed.) pp. 609, 610, 611.

The remarks of the court to the jury, in connection with the giving of the general charge for the State, "Gentlemen of the jury, all you have to do under this

4

charge is to say, we the jury find in favor of the State,'' were highly improper, as such an instruction took from the jury the question of a reasonable doubt, and the consideration of the credibility of the evidence and prescribed their verdict; consequently deciding a question of fact upon which their verdict depended, which they alone had the right to determine. This court has expressly decided this to be error.—*Davidson v. State*, 63 Ala. 432.

The remark of the solicitor as to the defendant's refusal to answer the question asked him had the direct tendency to prejudice the defendant before the jury, and the refusal of the court to exclude such remarks upon motion of the defendant was erroneous.—*Commercial Fire Ins. Co. v. Allen*, 80 Ala. 571 ; *Childress v. State*, 86 Ala. 77 ; *Cross v. State*, 68 Ala. 476.

WILLIAM C. FITTS, Attorney-General, for the State.— There was no error in the rulings of the court under the plea of former jeopardy. In order to make out the state of jeopardy, the jury must be elected, impanelled and sworn, the indictment read to the jury by the prosecuting officer, and responded to either by the defendant or his counsel. Nothing like that happened in this case.— *Bell v. State*, 44 Ala. 394.

HARALSON, J.—A plea of former jeopardy was interposed on the trial of defendant, which is imperfect, but is stated to have been pleaded in short by consent, and issue was taken on it.

In *Bell v. The State*, 44 Ala. 394, the court said, as to the time when jeopardy begins in a criminal case : ''The weight of authority seems to be, that when the jury has been impanelled and sworn, and the indictment read, and pleaded to by defendant, he is entitled to have the trial proceed to its conclusion. If it is then interrupted by a discharge of the jury, or other insufficient legal cause, he cannot be tried again.'' This principle, we apprehend, as a general proposition, cannot be questioned. It seems to be generally agreed that to constitute jeopardy, the cause or accusation should in some form be submitted to a jury impanelled to try it. ''The jury is said to be charged with the prisoner when the twelve jurors are duly impanelled and sworn, and when they

are thus sworn to try the accused on the charge
preferred, jeopardy attaches." 11 Am. & Eng. Encyc.
of Law, 933. Formerly and now in England, the act
of submitting the cause to the jury, or charging
them with the accusation as contained in the indictment
against a defendant, was quite formal. The clerk of the
court directed them to look on the prisoner, and hearken
to the evidence, and read or stated to them the substance
of the indictment, the plea, and their duty to find the
defendant guilty or not guilty.—Wharton's Crim. Pl. &
Pr., § 517. Mr. Bishop, in speaking of this proceeding,
characterizes it as mere form, but adds, that the jeop-
ardy of our constitutional law begins at this point.—
1 Bish. on Crim. Pr., § 961. In his work on Criminal
Law, the same author says: "Without a jury, set
apart and sworn for the particular case, the individual
defendant has not been conducted to his period of jeop-
ardy. But when, according to the better opinion, the
jury, being full, is sworn, and added to the other branch
of the court, and all the preliminary things of record are
ready for the trial, the prisoner has reached the jeopar-
dy from the repetition of which our constitutional rule
protects him."—1 Bish. Crim. Law, § 1015; *Grogan v.
The State*, 44 Ala. 1; *Foster v. State*, 88 Ala. 184.

Under the practice in this State, all misdemeanors and
felonies, not punished capitally, are tried by the petit
jurors impanelled for the week or term in which such
causes are tried, and they are not further sworn to try
them as the causes are called. The oath taken by them
in the beginning, and which is continuous and binding
for all such causes, is, that they will well and truly try
all issues, and execute all writs of inquiry, which may
be submitted to them during the term, or week as the
case may be, and true verdicts render according to the
evidence. In the matter before us, there being two
cases, both entitled alike, one immediately following the
other on the trial docket, the first for a misdemeanor
and the second for an assault with intent to murder—
the one now here—one of the cases was called, the judge
not specifying anything in the call, by its number or
otherwise, to indicate which case was called, the State
announced ready and so did defendant, after the solicitor
agreed to admit the showing of his absent witnesses. A
jury was impannelled out of the juries for the week,

both sides having exercised the right of challenge. The solicitor then read the indictment charging the misdemeanor, when counsel for defendant objected, and stated that they were not trying the misdemeanor but the felony case, and that they were not ready to try for the misdemeanor, and that their showings for a continuance admitted by the State, were in the felony case. The court stated that he had called the felony case and that was the one in which he had put the defendant upon a showing for a continuance, and that it was his custom to take up first the felony cases. The solicitor insisted that the cases be tried in their order on the docket, and the judge finally yielded to his contention, and the jury as it stood selected for the felony case, not being satisfactory to defendant for the trial of the other cause, was ordered to stand aside and they were discharged as to that case. The defendant was tried for the misdemeanor, and afterwards the present case was called and a new jury impannelled for its trial. The defendant pleaded former jeopardy, arising from the facts briefly but substantially stated above, on the trial of which plea, verdict and judgment were rendered against defendant.

The defendant as appears had, on a former day and in a previous week of the term, been arraigned and pleaded not guilty to this indictment. On the day his case was called for trial, when the dispute arose as to which case it was that was called, it is shown without conflict, that the indictment was not read to the jury, nor was any plea interposed by or for defendant, and, so far as appears, the jury were not aware of what charge they were to try him : no submission of his cause was made to them, and they had no charge or instruction touching the matter they were to try. Under this state of facts, on the authorites cited, we are of the apprehension, that jeopardy did not begin in the impannelling of the first jury to try defendant, and, in what occurred the defense of former jeopardy was not maintainable. The court as requested on the trial of this issue properly gave the general charge for the State, but added, as the bill of exceptions states, ''Gentlemen of the jury, all you have to do under this charge is to say, we the jury find in favor of the State.'' In this there was manifest error. It referred a question to the jury, and then assumed to control their decision. The credi-

[Scott v. The State.]

bility of the evidence was for the jury. This the court by the instruction, superadded to the general charge, took away from them, and itself determined.—*Davidson v. The State*, 63 Ala. 432; *Crutcher v. M. & C. R. R. Co.*, 38 Ala. 584.

On the cross-examination for the State of the defendant, examined in his own behalf, the solicitor asked: "Didn't you try to cut Mr. Moseley's head off?" An objection was interposed to the question by defendant's attorney, but defendant answered the question in the negative, whereupon the solicitor said in the presence of the court and jury: "Just as he was about to answer that he did try to cut his head off, his attorney objected, and he changed his mind and answered something else." To this remark of the solicitor the defendant objected, and asked the court to exclude it from the jury. The court refused to do so, and defendant excepted. This remark should not have been made. It asserted, so far as appears, the inference of the solicitor as a fact, without any evidence to support it. If the witness had done or said anything to justify such an inference as that drawn, it might have been legitimate to so argue to the jury, in order to discredit his testimony. But for the solicitor to state in the presence of the jury, his mere damaging inference as a fact, was unauthorized, and calculated to bring the witness into contempt and discredit with the jury. The injurious effect of the side-bar remark was emphasized by the refusal of the court, on motion of defendant, to exclude it from the consideration of the jury. Verdicts, as we have repeatedly attempted to impress, should be sought upon legal testimony alone, introduced strictly according to legal methods. If in the heat of trial counsel, as they may, indulge remarks such as those attributed to the solicitor in this instance, they should meet the prompt disapprobation of the court. Nothing short of such action on the part of the court, when such language is used, and a clear satisfaction that the injustice thereby done has been removed, should rescue a case from error on appeal, or from a new trial, on the motion of the party against whom it was rendered.—*Florence Cotton & I. Co. v. Field*, 104 Ala. 472; *Hundley v. Chadick*, 19 So. Rep. 845.

The objections by defendant's counsel to the introduction of evidence by the State, appear to have been with-

out merit, and, besides, they were general, not specifying any definite grounds.

The twelve charges requested by defendant and refused, were without merit, and are of such sort as require no argument or authority to show their vices.

For the errors indicated, the judgment and sentence of the court are reversed and the cause remanded.

Reversed and remanded.