(100 South. 812)

**WATTS v. METROPOLITAN LIFE INS. CO.**
(6 Div. 985.)

(Supreme Court of Alabama. Feb. 14, 1924. Rehearing Granted June 5, 1924.)

1. **Trial ⊂⇒194(1)—Charge to find for defendant if jury believed evidence held in effect affirmative charge without hypothesis.**

A charge, "If you believe the evidence, your verdict must be for the defendant, * * * and your verdict will be 'We, the jury, find in favor of defendant,'" was in effect an affirmative charge for defendant without hypothesis.

2. **Insurance ⊂⇒646(3)—Burden on insurer to plead and prove forfeiture.**

Prima facie proof of issue and possession of policy by plaintiff and of loss or death imposed burden on insurer to plead and prove forfeiture.

3. **Insurance ⊂⇒640(2)—Lapse for nonpayment of premiums must be pleaded.**

Lapse of insurance contract for nonpayment of premiums is such condition for forfeiture as must be pleaded under a given statement in policy, which must be strictly construed.

4. **Insurance ⊂⇒372—Conditions for benefit of insurer may be waived.**

Conditions for benefit of insurer may be waived.

5. **Insurance ⊂⇒388(3)—Insurer may be estopped to insist on forfeiture.**

Insurer may be estopped to insist on conditions inserted for its benefit by reason of acts of officer or agent having such authority.

6. **Insurance ⊂⇒395—Insurer, having denied liability on one ground, waived all other grounds.**

Insurer, having denied liability on sole ground of forfeiture for nonpayment of premiums, thereby waived all other grounds of forfeiture.

7. **Insurance ⊂⇒646(3)—Burden of proof as to nonpayment of premiums on insurer.**

Burden of proof as to issue of fact of forfeiture for nonpayment of premiums is upon insurer so pleading.

8. **Trial ⊂⇒194(1)—General affirmative charge should not be given where evidence conflicting.**

General affirmative charge with hypothesis should not be given, when there is conflict in evidence, even though conflict be presented in testimony (direct and cross) of same witness.

On Rehearing.

9. **Insurance ⊂⇒362—Notice of lapse of policy for nonpayment of premiums held not to excuse failure to tender subsequent premiums.**

Notice to insured of lapse of policy for failure to pay premiums, leaving open question of reinstatement according to condition of policy, held not to excuse insured's failure to tender subsequent premiums.

Appeal from Circuit Court, Jefferson County; Dan A. Green, Judge.

Action on a policy of life insurance by Barbara Watts against the Metropolitan Life Insurance Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Black, Harris & Foster, of Birmingham, for appellant.

---

No forfeiture for failure to pay annual premium can result, where assured has made seasonable tender which is refused by insurer, unless such refusal is recanted and assured so advised. N. Y. Life Ins. Co. v. Norris, 206 Ala. 656, 91 South. 595; Knott v. Mutual Co., 161 Mo. App. 579, 144 S. W. 178; Guetzkow v. Insurance Co., 105 Wis. 448, 81 N. W. 652; Girard Ins. Co. v. Insurance Co., 86 Pa. 236; Supreme Lodge, etc., v. Connelly, 185 Ala. 301, 64 South. 362; Shaw v. Republic, 69 N. Y. 286; Travelers' Ins. Co. v. Pulling, 159 Ill. 603, 43 N. E. 762; N. Y. Life Ins. Co. v. Clopton, 70 Ky. 179, 3 Am. Rep. 290; Langnecker v. Trustees, 111 Wis. 279, 87 N. W. 293, 55 L. R. A. 185, 87 Am. St. Rep. 860; Reed v. Provident Sav., 190 N. Y. 111, 82 N. E. 734. Where the insurance company has renounced the contract, and would have declined subsequent payments, assured is not required to make such payments. Smith v. Union Central, 7 Ohio Dec. 188. Where an insurance company has wrongfully claimed a forfeiture, it thereby waives future payments and tenders, until notice of a willingness to accept. Doney v. Prudential Ins. Co., 99 App. Div. 23, 90 N. Y. Supp. 757; Girard v. N. Y. Mutual, 86 Pa. 236; Hight v. Continental, Fed. Cas. No. 6,478a; Bird v. Penn Mutual, Fed. Cas. No. 1,430. The attempted forefeiture must be unconditional. Brooklyn v. Bledsoe, 52 Ala. 538. If an insurance company denies liability on one ground of forfeiture, it thereby waives all other grounds of forfeiture. Fidelity-Phœnix Ins. Co. v. Ray, 196 Ala. 425, 72 South. 98; Georgia Home Ins. Co. v. Allen, 128 Ala. 451, 30 South. 537. The burden is on the insurance company to plead and prove conditions and forfeitures as set out in the policy. Union Ins. Co. v. Prude, 156 Ala. 565, 46 South. 974. When the burden of proof is upon a party as to an issue, and it is proven by oral evidence, although there is no dispute as to the evidence, the court, in giving the general charge, must predicate it upon the hypothesis that the jury believe the evidence. Shipp v. Shelton, 193 Ala. 659, 69 South. 102; Scott v. State, 110 Ala. 48, 52, 20 South. 468; Wolf v. Delage, 150 Ala. 445, 43 South. 856; Crutcher v. M. & C., 38 Ala. 579: Davidson v. Woodruff, 63 Ala. 432; Penticost v. Massey, 201 Ala. 261, 77 South. 675. It was res inter alios acta that the November, 1918, premium was never received in the office of the insurance company at Anniston. Martin v. Jesse French Piano Co., 151 Ala. 289, 44 South. 112.

Cabaniss, Johnston, Cocke & Cabaniss and Brewer Dixon, all of Birmingham, for appellee.

The payment of premiums at the time stipulated in the policy is of the essence of the contract of insurance, and nonpayment invokes absolute forfeiture when so provided by the terms of the contract. Brooklyn Life Ins. Co. v. Bledsoe, 52 Ala. 538; Mobile Life Ins. Co. v. Pruett, 74 Ala. 487; Imperial Life Ins. Co. v. Glass, 96 Ala. 568, 11 South. 671; Security Mutual Life Ins. Co. v. Riley, 157 Ala. 553, 47 South. 735. Payment or tender of a premium when due is only excused when the insured has been notified by the insurer in clear and unequivocal terms that such premium will not be received, if tendered. N. Y. Life Ins. Co. v. Norris, 206 Ala. 656, 91 South. 595. The cancellation of the policy by the insurer on its books, in mistake of the fact that the last premium due on the policy had been paid in cash, and a letter from the president of insurer stating that the policy had lapsed on account of the nonpayment of that premium, at the time making inquiry as to the intention of the insured in connection with the same, is not sufficient to excuse the falure of the insured to pay, or attempt to pay, any further premiums. Brooklyn Life Ins. Co. v. Bledsoe, 52 Ala. 538; Brown v. Fidelity Mut. Life Ins. Co., 197 Ky. 430, 247 S. W. 47. Sickness or physical inability will not excuse the failure to pay a premium when due, within the permanent disability provision of an insurance policy, unless full and adequate proof of such sickness and disability is presented to the insurer. N. Y. Life Ins. Co. v Alexander, 122 Miss. 828, 85 South. 93, 15 A. L. R. 314; Wick v. W. U. Life Ins. Co., 104 Wash. 129. 175 Pac. 953; Thompson v. Insurance Co., 104 U. S. 252, 26 L. Ed. 765. Where the plaintiff either fails to make out a case, or where plaintiff's evidence conclusively established some matter which precludes recovery, it is the duty of the court to give the general affirmative charge for the defendant, without hypothesis. 38 Cyc. 1580; C. & W. v. Wood, 86 Ala. 164, 5 South. 463; Stone v. Pratt Cons. Coal Co., 202 Ala. 498, 80 South. 882; Yates v. Huntsville Hoop & Heading Co. (Ala. Sup.) 39 South. 647; Jarrell v Birmingham Waterworks Co., 179 Ala. 503, 60 South. 835; Thomas v. Smoot, 2 Ala. App. 407, 56 South. 1.

THOMAS, J. The suit was on a policy of insurance, and the defense was a lapse for the nonpayment of premiums. At the conclusion of the evidence the bill of exceptions recites:

"At the request of the defendant 'in the case, the following charge, which was in writing, was given to the jury by the court: 'If you believe the evidence your verdict must be for the defendant.' Thereupon the plaintiff, in open court, and in the presence of the jury, duly and legally excepted to the charge as given.

"The court further charged the jury as follows: 'And in accordance with that charge, your verdict will be, "We, the jury find in favor of the defendant"—one of your number signing the verdict as foreman.' Thereupon plaintiff, in open court, and in the presence of the jury, duly and legally excepted to that charge of the court."

[1] This was in effect an affirmative charge for defendant without hypothesis. Scott v. State, 110 Ala. 48, 20 South. 468; Davidson v. State ex rel. Woodruff, 63 Ala. 432; Shipp v. Shelton, 193 Ala. 659, 69 South. 102.

[2] The prima facie proof of the issue and possession of the policy by plaintiff, and of the loss or death, as required and within the period covered by the policy, being made (Sov. Camp v. Ballard [Ala. App.] 97 South. 895 [1]), the burden was imposed on the insurer to have pleaded and proven the forfeiture, if such there was, per the provisions of the policy, and on which the defense was rested. Norwich Union Fire Ins. Society v. Prude, 156 Ala. 565, 571, 46 South. 974.

[3-5] The lapse of an insurance contract for nonpayment of premiums is such a condition for forfeiture as must be pleaded under a given statement in the policy, which must be strictly construed. Equitable Life Assur. Soc. of U. S. v. Golson, 159 Ala. 508, 48 South. 1034; Union, Mut. Aid Ass'n of Mobile v. Carroway, 201 Ala. 414, 78 South. 792; Cherokee Life Ins. Co. v. Brannum, 203 Ala. 145, 82 South. 175; Continental Casualty Co. v. Ogburn, 175 Ala. 357, 57 South. 852, Ann. Cas. 1914D, 377. And such conditions for the benefit of the insurer may be waived, or there may be an estoppel to such insistence by reason of the acts of an officer or agent of the insurer having such authority. Woodmen of the World v. Alford, 206 Ala. 18, 89 South. 528; Sov. Camp, W. O. W., v. Eastis, 210 Ala. 29, 96 South. 866; U. O. of G. C. v. Hooser, 160 Ala. 334, 49 South. 354; Mutual L. I. Co. v. Lovejoy, 201 Ala. 337, 78 South. 299, L. R. A. 1918D, 860, 870, note.

[6-8] An insurance company, having denied liability on the sole ground of a· forfeiture for nonpayment of premiums, is held thereby to have waived all other grounds of forfeiture. Georgia Home Ins. Co. v. Allen, 128 Ala. 451, 30 South. 537; Fidelity-Phœnix Fire Ins. Co. v. Ray, 196 Ala. 425, 427, 72 South. 98. It follows that the burden of proof as to the issue of fact of forfeiture for nonpayment of premiums is upon the defendant so pleading. This fact of payment vel non resting in parol (Shipp v. Shelton, 193 Ala. 658, 69 South. 102), is disputed—that is, there is conflict in the evidence as to the fact of payment of the premium installment due and payable for November, 1918. The testimony of the plaintiff was that she and her daughter met, on the streets of Talladega, the manager or agent of defendant's business or branch, and paid him the amount of that premium, which was accepted by him for the company as the full amount thereof.

This fact of payment was denied by Mr. Thornton, defendant's said manager at Anniston, though he admitted that he was frequently in Talladega, covering the time of the alleged payment. Thus an issue of fact, as to the timely payment of the premium,

[1] 19 Ala. App. 411.

was presented by contradictory parol evidence, making a jury question. Sov. Camp, W. O. W., v. Adams, 204 Ala. 667, 672, 86 South. 737. The general affirmative charge, with hypothesis, should not be given when there is such a conflict in evidence. McMillan v. Aiken, 205 Ala. 35, 88 South. 135. And this is the rule, though the conflict in evidence be presented in the testimony (direct and cross) of the same witness. Jones v. Bell, 201 Ala. 336, 77 South. 998.

It has been declared that, where the facts warrant the giving of the general affirmative charge, and the burden of proof is upon the party requesting that charge, if that burden of proof is sought to be discharged by parol evidence of which there is no dispute, the general affirmative charge should nevertheless be upon the hypothesis that the jury believe the evidence, since the witnesses were seen and heard by the jury, and their manner and demeanor observed. The court should not peremptorily instruct the jury and direct their verdict, or draw conclusions as to credibility, or decide which of conflicting tendencies of the evidence should be adopted; this must be left to the jury. Brown v. Mobile Elec. Co., 207 Ala. 61, 91 South. 802; Penticost v. Massey, 201 Ala. 261, 77 South. 675; Burgess v. Burgess, 201 Ala. 631, 79 South. 193; Allen v. Standard Ins. Co., 198 Ala. 522, 73 South. 897; Jones v. Bell, 201 Ala. 336, 77 South. 998; Ex parte Penticost, 202 Ala. 682, 81 South. 638; Shipp v. Shelton, 193 Ala. 658, 69 South. 102; Amerson v. Corona Coal & Iron Co., 194 Ala. 175, 69 South. 601; Lawson v. Mobile Elec. Co., 204 Ala. 318, 85 South. 257; Sherrill v. M. & M. T. & S. Bank, 195 Ala. 175, 70 South. 723; Bowen v. Hamilton, 197 Ala. 418, 73 South. 5; Dorough v. Ala. Power Co., 200 Ala. 605, 76 South. 963.

The rule as to when the general affirmative charge should not be given is well established. It is pertinent to inquire if such general charge may be given without hypothesis, when there is no evidence and whenever the court would sustain a demurrer to the evidence interposed by the party requesting the instruction. Such charge, without hypothesis, may not be given for a plaintiff having a burden of proof to discharge, and which is sought to be shown by parol testimony; its credibility is for the jury. When the plaintiff has introduced his evidence, and it does not tend to prove his cause of action, the court may refuse to hear evidence by the defendant, and if duly requested, may direct the verdict. Stowers v. Dwight Mfg. Co., 202 Ala. 252, 80 South. 90; Crim v. L. & N. R. R. Co., 206 Ala. 110, 121, 89 South. 376, and authorities; L. & N. R. R. Co. v. Jenkins, 196 Ala. 136, 138, 72 South. 68; McMillan v. Aiken, 205 Ala. 35, 40, 88 South. 135; Tobler v. Pioneer Min. & Mfg. Co., 166 Ala. 482, 517, 52 South. 86; Warren v. State, 197 Ala. 313, 326, 72 South. 624; Western Union T. Co. v.

Louisell, 161 Ala. 231, 50 South. 87; A. G. S. Ry. Co. v. Brock, 161 Ala. 351, 49 South. 453; Smoot v. M. & M. Ry. Co., 67 Ala. 17; Tabler, Crudup & Co. v. Sheffield L., I. & C. Co., 87 Ala. 305, 309, 6 South. 196; Cent. R. & B. Co. v. Roquemore, 96 Ala. 236, 11 South. 475; Sov. Camp, W. O. W., v. Burrell, 204 Ala. 210, 85 South. 762. In the cases of Scott v. State, 110 Ala. 48, 20 South. 468, Davidson v. State ex rel. Woodruff, 63 Ala. 432, Wolf v. Delage, 150 Ala. 445, 43 South. 856, and Crutcher v. M. & C. R. R. Co., 38 Ala. 579, such charges were without hypothesis, and held to be error. The affirmative instruction given at defendant's request, and the qualification thereof by the court, amounted to an affirmative instruction without hypothesis. Shipp v. Shelton, 193 Ala. 658, 69 South. 102; Davidson v. State ex rel. Woodruff, 63 Ala. 432; Scott v. State, 110 Ala. 48, 20 South. 468. Is this a case for general affirmative instruction, without hypothesis, in defendant's behalf?

The evidence was uncontradicted that at the time of the alleged payment of the November, 1918, premium, the same was payable through the agent, Thornton, and the Anniston agency. Evidence that said premium was never received in that office was not res inter alios acta. The fact that plaintiff's evidence showed payment to Thornton, the manager of the Anniston office of defendant, when that agent was in Talladega, and which was denied by him, did not deprive the defendant of that tendency of evidence or inference deducible by the jury in corroboration of Thornton's denial of payment.

It is not contended by plaintiff that other premiums were paid. Justifications for further nonpayment urged are, viz. (1) physical inability within the disability provisions of the policy, and (2) that the notice by the insurer to the insured that the policy was forfeited for nonpayment of premiums was sufficient to inform insured that further premiums would not be received, if tendered. Pertinent provisions of the policy are:

"*Payment of Premiums.*—Except as herein provided the payment of a premium or installment thereof shall not maintain the policy in force beyond the date when the next premium or installment thereof is payable.

"All premiums are payable in advance at said home office or to any agent of the company upon delivery, on or before date due, for a receipt signed by the president, vice president, secretary or actuary of the company and countersigned by said agent.

"A grace of thirty-one days shall be granted for the payment of every premium after the first during which time the insurance shall continue in force."

"Upon failure to pay any premium or any part thereof when due, this policy, except as otherwise provided herein, shall immediately lapse."

The reinstatement clause is:

"*Reinstatement.*—Unless the cash value has been paid or the extension period has expired, this policy, upon evidence of insurability satisfactory to the company, may at any time be reinstated by payment of arrears of premiums with interest at six per centum per annum; any loan which existed at date of default, together with interest at the same rate to the date of reinstatement, to be, at the option of the owner on application for such reinstatement, either repaid in cash or continued as an indebtedness against the policy."

The total and permanent disability provisions of the policy are, in part, as follows:

"If the insured hereunder, before attaining the age of sixty years, and after payment of the premium hereon for at least one year, and before default in the payment of any subsequent premium, shall furnish the company with due proof that he has become wholly and permanently disabled by bodily injury or disease so that he is and will be permanently, continuously and wholly prevented thereby from performing any work for compensation or profit, the company will waive payment of the premiums becoming due on and after the next anniversary of date of issue of this policy."

We will consider the last insistence, as to notice of forfeiture, etc., under the rule declared in N. Y. Life Ins. Co. v. Norris, 206 Ala. 656, 91 South. 595. An effect of this decision was:

"Where the insured or some person acting for him seasonably tenders payment of the premium due on a policy, which tender was refused by the insurance company, such refusal relieves the insured of the duty of tendering payment of future premiums, unless the insurer recants its refusal and advises the insured of that fact, manifesting a willingness to accept the tender as of the time it was seasonably made."

The letter received by assured from the president of defendant company informed him that (1) there had been "the nonpayment of the premiums last due" on the policy, causing it to "lapse"; (2) that inquiry was being made as to the reason why assured had "discontinued paying * * * premiums"; (3) that it was desired that assured re-establish his "former relations" as a policy holder; (4) asked reply on the reverse side of the letter; (5) stated that if the "response is favorable to the revival of the policy" assured would be instructed "how to proceed"; and (7) concluded by asking "when and to whom you (assured) paid * * * premiums, or if your (assured's) agent is attending *to the case.*" (Italics supplied.) The letter is carefully worded, from the standpoint of the assurer, and may be subject to inferences by the jury to which we will advert.

It is pertinent that the matter left open by the letter for negotiation was the reinstatement of the lapsed policy according to

its conditions, dependent upon the "*evidence of insurability satisfactory to the company*," which was to accompany the application for reinstatement, and to be obtained otherwise by the company. (Italics supplied.)

The matter foreclosed by the letter was the lapse of the policy for the nonpayment of past-due premiums. The willingness on the company's part to negotiate with the assured, as to "when and to whom" payment was made of the installment or part of premiums on which the forfeiture was rested, presented a phase of the letter from which the jury might have drawn an inference adverse to defendant, as to whether future payment of premiums would be received from assured, without a reinstatement of the lapsed policy for nonpayment of premiums. This is in line with announcements contained in Brooklyn Life Ins. Co. v. Bledsoe, 52 Ala. 538. Such were the facts, or the reasonable inferences of fact, that confronted assured when he received the letter, and at a time when his physical condition may have (as the jury might find) precluded an application and evidence of his insurability that would be "satisfactory to the company," as required by the reinstatement clause of the policy. That is to say, the letter was equivocal as to the receipt of other or future premiums without reinstatement of the policy according to its terms, and was open to adverse inference. This could only be drawn by the jury. N. Y. Life Ins. Co. v. Norris, 206 Ala. 656, 91 South. 595.

It was improper to give the general affirmative instruction for defendant, even with hypothesis. McMillan v. Aiken, 205 Ala. 35, 88 South. 135; Shipp v. Shelton, 193 Ala. 658, 69 South. 102. The law of this last stated phase of the evidence is declared, respectively, in N. Y. Life Ins. Co. v. Norris, 206 Ala. 656, 91 South. 595, and Brooklyn Life Ins. Co. v. Bledsoe, 52 Ala. 538.

It is the application of these principles of law to the facts, or to the inferences that might be drawn from the disputed and equivocal evidence indicated, that must be left to the jury to find and declare—whether or not the declaring of a forfeiture of the policy, for nonpayment of premiums, and the letter written in relation thereto, were a sufficient excuse for failing to pay or tender the subsequent premiums when the same fell due, although the declared lapse of his policy became known to the assured at the time and under the circumstances indicated by the evidence.

There was no attempt on the part of assured to show that he was totally and permanently disabled and thereby prevented from performing any work for compensation or profit, within the terms of the policy; that is to say, the facts do not bring this phase of the case within the influence of Pope v. Glens Falls Ins. Co., 130 Ala. 356, 30 South. 496, for the reason that the notice of the disability was not given according to the terms of the insurance contract. N. Y. Ins. Co. v. Alexander, 122 Miss. 813, 85 South. 93, 15 A. L. R. 314.

There was also error in giving the affirmative charge for defendant in the present state of the evidence. The burden of showing nonpayment of premiums (and forfeiture therefor) was upon defendant, and this it was sought to do by the oral testimony of Thornton, defendant's manager or agent at its Anniston agency, which was contradicted by the oral testimony for plaintiff.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

### On Rehearing.

THOMAS, J. In Brooklyn Life Ins. Co. v. Bledsoe, 52 Ala. 538, 542, the first payment was made to the agent of defendant, who did not report it; when the second annual payment was to become due, on February 19th the next year, on the 6th of that month assured asked "indulgence upon payment of next premium," and reply was made on the 14th, stating that the policy stood as canceled on the company's books. There was evidence that the first payment was duly made, but that no other effort was made to pay the second premium; held, assured had not been prevented from making or tendering payment of the second premium. In this decision Judge Brickell declared that the policy was forfeitable by its own terms, payment was a condition precedent to its continuance, that such condition may be waived by any act which "prevents performance, (and) the opposite party is excused from strict performance" if that act was the immediate cause—"causa causans, not the causa sine qua non"; that is to say, that the letter to assured of date February 14th, to the effect that the policy "stood canceled," was not the immediate cause of the failure to pay the second premium that became due and payable on February 19th of the same year.

The case of New York Life Ins. Co. v. Norris, 206 Ala. 656, 91 South. 595, was in some respects different as to the notice of the status of the policy as shown by the company's books. In the Bledsoe Case the notice contained the statement:

"If, however, you did pay it to the late Mr. Humphries, please send us a certified copy of the receipt you have for such payment, and also state when and where and how it was paid. * * *"

In the Norris Case rejoinder F sets up the facts of failure or refusal to accept payment, as follows:

" * * * That on the occasion set out in said replication, when it is alleged defendant's said agent or servant refused to accept the said offer of payment of said premium and said interest and wrongfully rejected said offer of payment, said agent did not deny the existence of said policy or the validity thereof, but admitted the same and stated to plaintiff that there was some question about the loan on said policy, and he would have to write to the home office about the same and that he would let her hear from him. And defendant avers that thereafter defendant wrote to the insured direct, the same Frank M. Norris, deceased, within the time said premium and interest were due and payable under said policy, and, to wit, 2 weeks before said 30 days after July 3, 1913, had expired, requesting the payment of same, and said Norris received the same within, to wit, one day thereafter, and wholly failed and refused to pay said premium and interest, though he had sufficient time and opportunity to do so, and same have not been paid to this date."

Demurrer was sustained to such rejoinder, and the court held, as to this ruling, that the matter might be shown under the "joinder of issue." The court there said:

"The plaintiff's evidence, touching this aspect of the case, was susceptible of the interpretation that the refusal was predicated of some doubt in respect of the loan by the insurer to the insured, and this fact (if so) inspired the defendant's agent to state to the insured's wife, in the presence of his daughter, that he would take up the matter with the head office and communicate later. This evidence cannot, as a matter of law, be said to show a conditional refusal. Quite differently, it rather seems to evince the assertion of a reason for the refusal—a reason, the evidence nowhere shows, was ascertained by the defendant to be ill-founded or which the defendant afterwards withdrew or repudiated through definite advice to the insured or his representative. The correspondence shows, unmistakably, that the insurer regarded the insured as in entire default with respect to the July, 1913, premium, on that account pronounced the policy a 'lapsed' policy, and, so affirming, sought to induce insured to proceed as for a reinstatement consequent upon his default; whereas, if plaintiff's evidence of seasonable tenders was accepted by the jury, the insured was not in default at all, was still entitled to the benefit of the insurance the policy contract assured. The action of the insurer, in January, 1914, in foreclosing on the pledge of the policy (sole security for the loan) for failure to pay the July, 1913, premium, precludes any doubt of the defendant's attitude in the premises. From the whole evidence, it is apparent that no communication, oral or written, manifesting the insurer's recantation or notifying insured thereof, will be or can be produced; this to the end of reimposing upon the insured the duty of paying the July, 1913, premium."

Norris paid no premiums for 1913 to 1916, and recovery was permitted on the policy. The causa causans of his failure to pay or tender subsequent premiums is thus adverted to in the opinion:

"If, as plaintiff's evidence went to show, there was, because of seasonable tenders of the 1913 premium, no ground for forfeiture of insured's rights under the policy, the policy continued in force, notwithstanding the insurer's ill-founded declaration and insistence that the policy had 'lapsed' on account of the failure of the insured seasonably to pay the July, 1913, premium. The mere assumption of the insured in and under such circumstances, however formally expressed, afforded no basis for conclusions that he had acquiesced in the asserted forfeiture or had raised up an estoppel against the assertion of insurer's liability under the policy; no consideration for the relinquishment of insured's right under the policy being shown to have passed to him."

[9] Thus the refusal of tender of premiums, with the promise to take the matter up with the "head office," was an unconditional refusal, and the assured was not thereafter required to keep good that tender or make further tender of payment of the annual premium. It now appears to the writer that the Norris Case did not take consideration of the decision in Brooklyn Life Ins. Co. v. Bledsoe, supra, as to the duty of assured to "keep good" the tender of the first premium and to show that assured was ready, able, and willing to make payment of subsequent premiums for the years 1914 and 1915, and to the date of his death on February 12, 1916. This is illustrated by the issue presented in the Norris Case, supra, where defendant's pleas averred, among other things:

" * * * That it was provided in said policy that, if the premium should not be paid thereon within one month from its due date, to wit, July 3d of each year, that the same should lapse, and defendant avers that the insured, Frank M. Norris, failed to pay the premium due on said policy on, to wit, July 3, 1914, and failed to pay the same within one month thereafter, wherefore the defendant says that said policy lapsed. * * * that it was provided in said policy that, if the premium should not be paid thereon within one month from its due date, to wit, July 3d of each year, that the same should lapse; and defendant avers that the insured, Frank M. Norris, failed to pay the premium due on said policy on, to wit, July 3, 1915, and failed to pay the same within one month thereafter, wherefore the defendant says that said policy lapsed."

The writer agreed to the decision in the Norris Case. Whether that decision is in all respects justified by the better authorities, as to construction of insurance contracts, until that decision is modified by this court as to such a refusal being the causa causans of the failure to keep good the tender of 1915 premium and to show that assured was ready, willing, and able to make payment of premiums becoming due and payable (if the contract was of force) in 1914 and 1915, the principle there applied should be given effect to the facts of the instant case.

Here the terms of the policy are exhibited, making the policy forfeitable for non-

payment of premiums, providing for reinstatement on conditions indicated, and for the suspension of the payment of premiums under the terms stipulated in the policy. In the instant case, as in the Norris and Bledsoe Cases, supra, the assured lived beyond the next accruing premium period, and the same was not paid or tendered at such subsequent period. In the Bledsoe Case the assured sought additional time for payment, was refused, and told the policy stood canceled on the company's books. In the Norris Case and this case no subsequent offer of payment was made or tendered. In the Norris Case that duty was excused (under the rule of unconditional prior refusal) in 1914 and 1915, because the agent had refused to accept the premium for 1913, saying he would refer the matter to the head office for consideration and notification, etc. It would appear that Mr. Fisk's letter, offered by defendant in the instant case, left open only the question of reinstatement under the terms of the policy—upon "evidence of insurability satisfactory to the company"—which the physical condition of Mr. Watts would have prevented. If there was excuse for nonpayment or not keeping good the tender of premiums by Norris for the years 1914 and 1915, under the terms of Mr. Fisk's letter, a jury question was presented as to the duty of Mr. Watts to make subsequent payment or tender thereof for the November, 1919, premium. He died in August, 1920. Under his enfeebled condition in 1918 and 1919, and that phase of the evidence tending to show that his mother had paid the "November, 1918," premium to defendant's agent having authority to collect the premiums, and thereafter Mr. Fisk's letter to assured informing him of his "nonpayment of the premium last due" (that of November, 1918), the jury may have inferred that the letter amounted to an unconditional refusal to accept other premiums without formal reinstatement per terms of the policy, and that tender of payment was excused.

The foregoing being considered by all the justices on rehearing, it is the judgment of the court that the affirmative charge for the defendant was justified under the facts of this case, and the decision by Mr. Chief Justice Brickell in Brooklyn Life Ins. Co. v. Bledsoe, 52 Ala. 538. If there be a conflict between the Bledsoe Case and New York Life Ins. Co. v. Norris, 206 Ala. 656, 91 South. 595, the latter case is hereby overruled in so far as it may be in conflict with the Bledsoe Case, and the ruling now made on rehearing in the instant case.

The rehearing is granted, the former judgment of reversal and remandment is set aside, and a judgment affirming the judgment of the trial court is now entered.

All the Justices concur in granting the rehearing.