(108 So. 575)

## M. FRANK SONS & CO. v. DAVIS.
### (4 Div. 251.)

(Supreme Court of Alabama.  May 20, 1926.)

**1. Trial ⟜143.**

Affirmative instructions should be given only when evidence is without conflict and establishes requesting party's right to recovery.

**2. Trial ⟜143.**

Affirmative instructions should not be given when evidence is in conflict, if conflict is presented in testimony of same witness or of several witnesses for same party or different parties to suit.

**3. Sales ⟜363—Where adverse reasonable inferences which are for jury may be drawn from evidence of payment and return of goods, affirmative instruction in suit on account should not be given.**

In suit on account, where issues of payment and return of goods are in conflict or susceptible to adverse reasonable inferences, affirmative instructions should be refused, since reasonable inferences from evidence are for jury.

**4. Sales ⟜357(1, 2), 363—Burden of proving date and extent of payment and return of goods in suit on account held to be on plaintiff, and, if not met, does not entitle plaintiff to affirmative charge.**

In suit on account, where defendant sent check to cover his account, and plaintiff requested statement of items to be covered, burden of proof and of going forward with evidence as to date and extent of payment and return of goods is on plaintiff, and, if not met, does not entitle plaintiff to affirmative charge.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Action by M. Frank Sons & Co. against James L. Davis, as administrator of the estate of J. W. Davis, deceased. Judgment for defendant, and plaintiff appeals. Affirmed.

Baldwin & Murphy, of Andalusia, for appellant.

Where the evidence without conflict establishes plaintiff's right to recover, the affirmative charge should be given for plaintiff. Roe v. Doe (Ala. Sup.) 43 So. 856; Watts v. Metropolitan L. I. Co., 211 Ala. 404, 100 So. 812.

A. Whaley, of Andalusia, for appellee.

The refusal of the affirmative charge to plaintiff was without error. Ala. Iron Co. v. Smith, 155 Ala. 287, 46 So. 475; Anderson v. Railroad Co., 109 Ala. 129, 19 So. 519;

Vickery v. Baggett, 20 Ala. App. 143, 101 So. 102; Baker v. Troy, 114 Ala. 415, 21 So. 496; Bessemer Liquor Co. v. Tillman, 139 Ala. 462, 36 So. 40; L. & N. R. Co. v. Sandlin, 125 Ala. 585, 28 So. 40.

THOMAS, J.  The suit is on account.

[1, 2] It is only when the evidence is without conflict and establishes the requesting party's right to recovery that the jury may be given affirmative instructions. Watts v. Metropolitan Life Ins. Co., 211 Ala. 404, 100 So. 812; McMillan v. Aiken, 205 Ala. 35, 88 So. 135. And this is true if the conflict in evidence is presented in the testimony of the same witness, or that of several witnesses for the same party or the different parties to the suit. Jones v. Bell, 201 Ala. 336, 77 So. 998.

[3, 4] We have examined the record. The issues of payment and return of goods, the extent and amount thereof, are in conflict, or susceptible to adverse reasonable inferences. In such cases general affirmative instructions must be refused. The reasonable inferences from the evidence must be drawn by the jury. The burden was on the plaintiff. Exhibit T, offered by plaintiff, was to the effect that, on a date not stated, Davis & Co., of Andalusia, wrote M. Frank Sons & Co.: "Inclosed please find check to cover my account." Plaintiff's evidence also contained Exhibit JF, as follows:

"April 27, 1920.

"Messrs. J. W. Davis & Co., Andalusia, Ala.— Gentlemen:  Please accept our kind thanks for your check for $1,786.05, which we have placed to your credit. It is impossible for us to check this remittance upon our books, and will ask you to please mail us an itemized statement just what this payment is intended to cover. Please give this your immediate attention.

"Very truly yours,

"M. Frank Sons & Co., Inc."

When the foregoing documentary evidence and the reasonable inferences obtaining in the light of the testimony of King, Mosely, and Zeigler, are considered, they showed the burden of going forward with the evidence as to date and extent of payment and return of goods to be on the plaintiff, and plaintiff failed to enlighten the jury sufficiently in that respect. The affirmative charge was properly refused on authority of McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135.

There is no ruling on the motion presented for review.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes