### CULWELL v. EDMONDSON.

6 Div. 453.

Supreme Court of Alabama.

April 10, 1930.

Rehearing Denied May 15, 1930.

Further Rehearing Denied June 19, 1930.

426

Altman & Koenig, of Birmingham, for appellant.

R. D. Coffman and Walter S. Smith, both of Birmingham, for appellee.

GARDNER, J.

The assignment of error first considered in brief for appellant relates to the action of the court in overruling the demurrer to replication 4 to plea 8.

 The trial court construed the replication as showing an acknowledgment of liability after a knowledge on defendant's part of the defensive matter set up in said plea, and we think it subject to such construction, though possibly not so clearly expressed as good pleading requires. So construed, the replication constitutes a good answer to the plea, under the decision of Bolling & Son v. McKenzie, 89 Ala. 470, 7 So. 658. The point taken by demurrer and urged in argument is that the replication fails to allege the time when such acknowledgment of liability was made. But, as held in the above-noted authority, the question of time is immaterial, The gist of the matter is the acknowledgment of liability after knowledge of the facts set up by way of defense. There is no specific ground of demurrer pointing out any deficiency in the replication in this respect, and, as previously stated, the trial court so construed it and charged the jury to like effect, that the acknowledgment of liability must have occurred after knowledge of the facts set up in plea 8.

The grounds of demurrer that the replication fails to allege the time of such acknowledgment were not well taken, and properly overruled.

 The fact that the replication sets up another answer to the plea—a promise to pay—which may be insufficient, is not such a defect as may be reached by demurrer, but more properly, so far as pleading is concerned, by a motion to strike such imperfect part. Bolling & Son v. McKenzie, supra; Jefferson, etc., Co. v. Thomas, 214 Ala. 305, 107 So. 449.

The argument addressed to the sufficiency of replication 4 as an answer to plea 8 is adopted as applicable likewise to pleas 5 and 6 and what is here said will suffice also for those assignments of error.

 The substance of charge "G" refused to defendant was embraced in the charge given for defendant, which is here numbered 1, as well, also, in the oral charge of the court. The substance of the given and refused charge related to the defense of extension of time of payment of the note without the surety's consent, and not to the question whether defendant was surety. The difference in the charge was therefore merely incidental. Moreover, defendant's name appears on the face of the note, and he was prima facie a maker and not a surety. The charge as framed is a peremptory instruction in defendant's favor upon the question of suretyship, and not the affirmative charge with hypothesis, as appellant seems to assume. See Watts v. Metropolitan Life Ins. Co., 211 Ala. 404, 100 So. 812, for discussion of the distinction here noted. Charge "G" was properly refused:

■ Counsel for appellant cite the case of Rainey v. Long, 9 Ala. 754, to the effect the defendant may prove, under the general issue in assumpsit, that the action was commenced before the debt was due, and opposing counsel question the soundness of this decision. Conceding, without deciding, the correctness of that decision, we do not think it has influence upon the refusal of charge "S. 13" in connection with which it is noted. This charge assumes that the mere acceptance of interest payment constitutes an agreement for extension of the due date of the note, while the evidence of W. L. Gillespie, confessedly the principal maker on the note, shows an agreement of plaintiff to that effect at the time of such payment. The trial court expressly charged the jury that if there existed such an agreement either express or implied, plaintiff could not recover, and defendant could demand no more. There was no error in refusal of this charge.

■ The answer of plaintiff as a witness to the question as to the execution of the note by defendant discloses that he understood the word "execution" to have reference to the matter of signature to the note, saying, "yes, sir, * * * each one of them signed the note in my presence." As so understood, it is too clear for discussion the overruling of the objection to the question constitutes no reversible error.

As to the action of the court in denying the motion for a new trial, the argument rests solely upon the questions herein treated, and this assignment needs no further consideration.

We find no reversible error in the record.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.