(134 So. 823)

## WHITE v. EQUITABLE LIFE ASSUR. SOC. OF THE UNITED STATES.

### 4 Div. 770.

Court of Appeals of Alabama.

April 21, 1931.

Rehearing Denied May 19, 1931.

C. L. Rowe, of Elba, for appellant.

Wilkerson & Brannen, of Troy, and W. M. Brunson, of Elba, for appellee.

RICE, J.

This was a suit by appellant against appellee on a policy of life insurance issued on the life of appellant's intestate, Jesse M. White.

There is in the record an agreement of counsel which indicates that two suits—this one and another—on two separate policies, are to be governed by this appeal; the said agreement reciting "a consolidation" of the two suits, etc.

Only one complaint is before us, however, so we will deal with the questions raised with reference to the suit of which it is a part, leaving the said "agreement" to, as we apprehend, control the disposition of the other suit referred to in it.

To appellant's complaint—in Code form—appellee filed a plea, alleging in essential substance that the policy sued on was not in force at the time of the death of plaintiff's intestate, by reason of failure of intestate to keep the premiums on said policy paid up, according to the provisions of same; the particular allegation of default in payment of said premiums being with regard to the payment of the premium due on August 1, 1926, the time for the payment of which was by mutually satisfactory agreement extended to January 1, 1927. This plea appears to be in all respects sufficient, and was unchallenged by demurrer.

Appellant filed a replication to said plea, alleging, as we deem pertinent here, that, while his intestate did default in the payment of the annual premium due August 1, 1926 (payable, as we have before mentioned, on January 1, 1927), yet, by a procedure which he describes, intestate undertook in, to wit, the month of February, 1927, to revive, or reinstate, said policy; and that, performing the acts necessary, according to appellee's advice, to reinstate said policy, he heard nothing from appellee until, to wit, February 3, 1928, at which time he was advised that the reinstatement of the policy had been denied in, to wit, the month of February or March, 1927; that intestate then, to wit, in February or March, 1928, undertook to have said policy reinstated, but that it never was done, and he died with the status as we have undertaken to outline.

It plainly appears from the allegations of said replication that the annual premium due on said policy on August 1, 1927, was neither paid nor tendered by intestate to appellee.

Demurrers filed by appellee to the said replication were sustained. And, appellant declining to plead further, the court rendered judgment in its favor.

■ This appeal, without bill of exceptions, follows. Whatever might be said with regard to intestate's efforts to revive, or reinstate, the policy in February, 1927, he was not excused from paying, or at least offering to pay the annual premium due August 1, 1927.

The demurrers to the replication were properly sustained. Brooklyn Life Ins. Co. v. Bledsoe, 52 Ala. 538; Watts v. Metropolitan Life Ins. Co., 211 Ala. 404, 100 So. 812.

Superior to anything we could say, in elaboration of this holding, would be to quote, copiously, from the opinion in the Bledsoe Case, supra, which seems to be, in all respects, reaffirmed in the opinion on rehearing in the Watts Case, supra. That appears useless, and the reader is referred to the opinion in the said Bledsoe Case for the reasons for our holding.

■ Appellee's plea, as above indicated, set forth a full and complete defense to the action. Demurrers having been sustained to appellant's replication thereto, and appellant declining to plead further, the action of the court in rendering judgment for appellee is here affirmed. Brown v. Commercial Fire Insurance Co., 86 Ala. 189, 5 So. 500; Andrews v. Hall et. al., 132 Ala. 320, 31 So. 356.

Affirmed.