206 So.2d 923

**LOUISVILLE & NASHVILLE RAILROAD COMPANY, Inc.**

v.

**T. H. COX.**

**8 Div. 110.**

Court of Appeals of Alabama.

Jan. 16, 1968.

Weeks & Weeks, Scottsboro, for appellant.

H. T. Foster and John B. Tally, Scottsboro, for appellee.

PRICE, Presiding Judge. ·

Appellee, T. H. Cox, brought suit against appellant, Louisville & Nashville Railroad Company, to recover damages for killing a bull.

The plaintiff presented testimony tending to show that the bull was killed by one of defendant's trains.

No evidence was offered for defendant.

After counsel had presented arguments to the jury, the court instructed the jury as to the burden of proof on the part of the railroad under Title 48, Section 173, Code of Alabama 1940, and then charged the jury as follows:

"Now, Ladies and Gentlemen, you are, as I said, to consider only the testimony that you have heard here today from this stand and in light of the testimony that has been presented to you, I am therefore charging you, Ladies and Gentlemen of the jury that if you believe the evidence in this case, then you must return a verdict for the Plaintiff. Now, the measure of damages in this case is that the measure of damages to property is the difference between the reasonable market value immediately before an accident, and the reasonable market value immediately afterwards. Therefore, Ladies and Gentlemen of the jury, if you do believe the evidence in this case, then the form of your verdict must be, "We the Jury find the issues in favor of the Plaintiff and assess his damages at $_____ and that amount would be from 1¢ up to $600.00, but in no event over $600.00, and one of you sign the verdict as foreman."

The verdict was, "We, the Jury, find the issues in favor of the plaintiff against the defendant, and we assess his damages as $300.00."

In Davidson v. State, ex rel. Woodruff, 63 Ala. 432, the jury was instructed that if they believed the evidence in the case,

they must find the issue in favor of the plaintiff and against the defendant. The court said:

"This charge referred it to them, as was proper, to determine what credit was due to the testimony of each witness, and in that form it was, according to our view of the case, unexceptionable. But it was not left so by the Circuit Judge."

The court then said to the jury:

"The form of your verdict, under this charge will be, 'We the Jury, find the issue in favor of the plaintiff * * *, and against the defendant.'"

The court held that by adding this form of verdict the judge "prescribed their verdict, and, consequently, decided a question of fact on which it depended, and which they alone had authority to determine."

The action of the court in referring the question to the jury, and then assuming to control its decision was in effect the giving of the affirmative charge for plaintiff without hypothesis. Davidson v. State, ex rel. Woodruff, supra; Watts v. Metropolitan Life Ins. Co., 211 Ala. 404, 100 So. 812; O'Bar v. Southern Life & Health Ins. Co., 232 Ala. 459, 168 So. 580; Cannon v. Louisville & Nashville Railroad Company, 252 Ala. 571, 42 So.2d 340.

In Cannon, supra, the court said:

"The general affirmative charge, without hypothesis, should not be given for a plaintiff having a burden of proof to discharge, and which is sought to be met by parol testimony, for the credibility of the witness is for the jury."

The judgment is reversed and the cause remanded.

Reversed and remanded.