(78 South. 850)

WELCH v. EVANS BROS. CONST. CO.
(6 Div. 672.)

(Supreme Court of Alabama. April 11, 1918.)

TRIAL ⬯260(1)—REQUEST COVERED BY GIVEN INSTRUCTION.

Conceding correctness of requested charge as an abstract statement of law, its refusal does not constitute cause for reversal, where the same rule was substantially and fairly given in the general charge, in view of Code 1907, § 5364, as amended by Acts 1915, p. 815, prohibiting reversal for such cause.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Action by Wade C. Welch against the Evans Bros. Construction Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Sterling A. Wood, of Birmingham, for appellant. John T. Glover, of Birmingham, for appellee.

GARDNER, J. Suit by appellant (plaintiff) against appellee (defendant) for the recovery of damages to the plaintiff's goods, alleged to have been caused by the negli-

gence of defendant in and about the repair of the roof of a certain store in which plaintiff's goods were located. This is the second appeal in this cause (Welch v. Evans Bros. Construction Co., 189 Ala. 548, 66 South. 517), and a sufficient statement of the case, together with the tendencies of the evidence, both for the plaintiff and defendant, appear in the statement and opinion on the former appeal. A reference thereto will suffice for a full understanding of the nature of this suit.

The cause proceeded to trial upon counts 5, 6, 7, and 8, charging defendant with negligence in permitting a large hole to remain in the roof, and again in permitting said hole in the roof to remain uncovered or insufficiently covered, and, under count 8, in negligently failing to warn the plaintiff that said hole was uncovered. In the oral charge of the court, the jury was instructed that each count of the complaint rested upon the negligence of the defendant. The charge of the court then proceeded to carefully and clearly define "negligence," as set forth by this court in the opinion on the former appeal; and it seems quite clear, from a reading of the oral charge, in connection with the issues and evidence in the cause, that the jury fully understood the definition of "negligence" and what was necessary to constitute a liability against the defendant.

One of the definitions of the word "diligence" is the "opposite of negligence." Whether, abstractly speaking, charge A, refused to defendant, was correct, need not be determined; for, if it be so conceded as correct in a general way, yet at best it is but another definition of "negligence," which was, as we have previously stated, clearly and fully defined by the court in its oral charge. Conceding, therefore, the correctness of the charge as an abstract statement of the law, its refusal constitutes no cause for reversal, for the reason that it appears that the same rule was substantially and fairly given to the jury in the court's general charge. When such is the case, the act of September 25, 1915, amendatory of section 5364 of the Code, expressly provides that the refusal of such a charge shall not be cause for a reversal on appeal. Acts 1915, p. 815.

As to what constituted negligence under the facts of this case was, of course, a question for the jury's determination. Charge D was properly refused, as it invaded the province of the jury, as well also pretermitted negligence on the part of defendant.

The one charge given at the request of the defendant merely instructed the jury that they were not to find for the plaintiff, unless any damage he suffered was caused by the negligence of the defendant. Each count of the complaint specified some negligence on the part of the defendant, and the right of

recovery was based upon the defendant's negligence. We are unable to see any cause for reversal in the giving of this charge.

Motion was made by appellant to strike that portion of the bill of exceptions containing a certain showing of witness Bell for the defendant. We do not consider the matter of any importance on this appeal, and therefore it needs no separate treatment here. Conceding, without deciding, that appellant is in position to make such motion, yet, upon consideration thereof in consultation, the same is denied.

We have considered the assignments of error insisted upon by counsel for appellant in their brief, and, finding nothing in any of them calling for a reversal of the cause, the judgment appealed from will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.