NATIONAL ORDER OF MOSAIC TEMPLARS OF AMERICA v. BELL.
(7 Div. 249.)

(Court of Appeals of Alabama. April 13, 1926. Rehearing Denied May 25, 1926.)

1. Appeal and error ⟋917(2).

In absence of demurrers in record, ruling of trial court overruling demurrers will be presumed without error.

2. Insurance ⟋693, 694(1).

Mutual benefit association is bound by its constitution, rules, and regulations, and is bound to extend to member complying with such all rights and benefits to which he is entitled under contract of membership.

3. Insurance ⟋694(2).

Member of mutual benefit association may claim damages for mental pain and anguish for wrongful suspension.

4. Insurance ⟋694(2).

Member of mutual benefit association may claim damages for wrongful suspension causing him to lose benefit of insurance policy.

5. Insurance ⟋697—Mutual benefit association is liable for act of subordinate lodge within scope of its authority in wrongfully suspending member for alleged failure to pay dues.

Mutual benefit association is liable for act of subordinate lodge acting within line and scope of its authority in wrongfully suspending member for alleged default in payment of dues.

6. Appeal and error ⟋1078(4).

Assignment of error, based on refusal of charge, which is not insisted on in brief, is waived.

7. Trial ⟋139(1).

Refusal of affirmative instructions, where evidence presented jury question, was not error.

8. Insurance ⟋697—Mutual benefit association is liable for act of subordinate lodge in wrongfully reporting member as nonfinancial, where subordinate lodge was charged with duty of making collections.

Where subordinate lodge was charged with duty of making collections from members, mutual benefit association is liable, if subordinate lodge reported member as nonfinancial when he was in fact financial.

---

⟋For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

9. **Insurance** ☜753(2)—**Mutual benefit association will not be heard to say that officer of subordinate lodge had no authority to make collection, where payments theretofore made to him had been recognized as sufficient.**

Mutual benefit association will not be heard to say that officer of subordinate lodge, to whom payments had theretofore been made and recognized as compliance with member's obligation to pay, had no authority to make collection.

10. **Insurance** ☜694(2)—**Member of benefit association held properly permitted, in action for wrongful suspension, to show what occurred when he sought admission to subordinate lodge.**

In action against mutual benefit association for wrongful suspension, plaintiff was properly permitted to show what occurred when he sought admission to subordinate lodge.

11. **Insurance** ☜753(2).

Mutual benefit association is bound by payments made by member's wife to officer of local lodge who was in habit of receiving such payments.

12. **Insurance** ☜753(2)—**Payments by members of mutual benefit association made to local lodge were properly made to any officer.**

Where payments by members of mutual benefit association were made to local lodge, it was immaterial as to what officer payments were made as long as payments went to such local lodge.

13. **Appeal and error** ☜854(2).

Sustaining objection on unjustifiable ground does not justify reversal, where proper result was reached.

14. **Insurance** ☜694(2)—**Refusal, in action against mutual benefit association for wrongful suspension of member by subordinate lodge, to permit officer, authorized to receive dues of subordinate lodge, to testify as to payment of dues by plaintiff, held reversible error.**

In action against mutual benefit association for wrongful suspension by subordinate lodge, refusal to permit officer of local lodge, authorized to receive payments of dues, to testify relative to whether plaintiff was paid up, *held* to constitute reversible error.

Appeal from Circuit Court, Calhoun County; R. B. Carr, Judge.

Action by Willie Bell against the National Order of the Mosaic Templars of America. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

C. H. Roquemore, of Montgomery, for appellant.

As to plaintiff's remedy, see McKee v. Phœnix, 28 Mo. 383, 75 Am. Dec. 129; · Union Central v. Pottker, 33 Ohio St. 459, 31 Am. Rep. 555; Helme v. Phila. Life, 61 Pa. 107, 100 Am. Dec. 621. Where the subordinate lodge wrongfully expels one of its members, the supreme body is not liable to the member in

damages. Grand Fountain v. Murray, 88 Md. 422, 41 A. 896. Where the society wrongfully cancels the policy, the member may treat the cancellation as a nullity, tender his assessments, and his beneficiary may recover on the policy. Sup. Council v. Black, 123 F. 654, 59 C. C. A. 414; Met. Life v. McCormick, 19 Ind. App. 49, 49 N. E. 44, 65 Am. St. Rep. 392; Mutual Reserve v. Taylor, 99 Va. 208, 37 S. E. 854. Or he may sue in equity for reinstatement. Kerns v. Prudential, 11 Pa. Super. Ct. 209. Or he may treat the cancellation as a rescission, and sue to recover assessments paid, or actual value of certificate. Van Werden v. Equitable, 99 Iowa, 621, 68 N. W. 892; Lovell v. St. Louis Co., 111 U. S. 264, 4 S. Ct. 390, 28 L. Ed. 423. Damages because of inability to obtain further insurance are not recoverable. Ijams v. Provident, 185 Mo. 466, 84 S. W. 51. Where waiver by act of agent is relied on it must be proven that agent had authority, or that the society ratified the act. Union v. Huntsberry, 57 Okl. 89, 156 P. 327; Griffith v. Sup. Council, 182 Mo. App. 644, 166 S. W. 324; Kennedy v. Grand Frat., 36 Mont. 325, 92 P. 971, 25 L. R. A. (N. S.) 78; Lockney v. Police, 217 Pa. 568, 66 A. 844.

Longshore & Longshore and H. A. Emerson, all of Anniston, for appellee.

The ruling on demurrer to the amended complaint is not presented for review. B. R., L. & P. Co. v. Fox, 174 Ala. 657, 56 So. 1013; Shelby Iron Co. v. Bean, 203 Ala. 78, 82 So. 92; Mobile L. & R. Co. v. Fuller, 18 Ala. App. 308, 92 So. 90. The supreme body is liable in damages for the torts of its local branches, acting within the line and scope of their duties. Sup. Lodge v. Kenny, 198 Ala. 332, 73 So. 519, L. R. A. 1917C, 469; G. I. B. L. E. v. Green, 210 Ala. 496, 98 So. 569; Sup. Lodge v. Gustin, 202 Ala. 246, 80 So. 84; Parliament, etc., v. Marr, 20 App. D. C. 363. The amount of damages is left to the discretion of the jury. Miller v. Southern B. T. & T. Co., 195 Ala. 408, 70 So. 730; Thompson v. Southern R. Co., 17 Ala. App. 406, 85 So. 591; Central of Ga. R. Co. v. White, 175 Ala. 60, 56 So. 574.

SAMFORD, J. [1-4] The complaint as originally filed contained two counts. Subsequently there were added counts 3 and 4. Demurrers were filed to these counts and sustained as to counts 1 and 2 and overruled as to counts 3 and 4. Subsequently plaintiff filed counts A and B and withdrew all former counts. Thereupon, by consent, the defendant pleads in short by consent, with leave, etc. There is a judgment under date of April 10th overruling demurrers to counts A and B, but no such demurrers appear in the record, in the absence of which we will presume the ruling of the court was without error. The issues, therefore, in this case and for the purpose of this appeal, are made by

counts A and B and the plea of the general issue in short, etc. The issue thus formed is not for the breach of a contract, although the breach alleged does enter into the transaction. This suit claims damages for the unlawful exclusion of plaintiff from the rights and benefits to which he was entitled as a member of defendant's order. Being a mutual benefit association, the plaintiff is bound by its constitution, rules, and regulations, and, so long as plaintiff complies with these, defendant is bound to extend to him all of the rights and benefits to which he is entitled under his contract of membership, which in this case entitled him to a policy of insurance, weekly benefits from the local lodge and association, and participation in the meetings of the local lodges. In Supreme Lodge v. Kenny, 198 Ala. 332, 73 So. 519, L. R. A. 1917C, 469, and reaffirmed in Grand International Brotherhood, etc., v. Green, 210 Ala. 496, 98 So. 569, it is held that the parent organization is liable for the torts of its local branches done in the line and scope of its duties. Its effect is that the privileges of association must be accepted with the burden of liability for the acts of local branches. The gravamen of the action was, in count A the wrongful suspension, and in count B the malicious suspension of the plaintiff from the subordinate lodge, of which plaintiff had been a member, and through which he dealt with and was affiliated with the defendant order. For this suspension he claims damages for mental pain and anguish, which under the Green Case, supra, it seems he may do, and as an element of recoverable damages the plaintiff claims that the wrongful act caused him to lose the benefit of an insurance policy in the defendant organization. This also was permissible. Grand International B. of L. E. v. Green, 201 Ala. 496, 98 So. 569. If the defendant is bound by the act of its subordinate lodge acting within the line and scope of its authority, it would then be liable to the plaintiff for the wrongful or malicious act of such subordinate lodge as alleged in the complaint.

[5] The sole controversy in this case arises over the question as to whether the plaintiff was in such default in the payment of dues as to render him liable to suspension from the order on September 10th, at which time plaintiff was excluded from the local lodge. Under the law of the order the subordinate lodge was charged with the duty of making all collections from the members and the duty of enforcing the penalty for a failure to pay rests upon the subordinate lodge, so that the subordinate lodge in dealing with this plaintiff was acting within the line and scope of its authority. If in excluding plaintiff its act was wrongful or malicious and in derogation of the rights of plaintiff, defendant would be liable. These questions were properly left to the jury under the charge of the court. The general charge as requested by defendant was properly refused.

[6] Charge 2, refused to defendant, is not insisted upon in brief of counsel, and under the rule the assignment of error based upon the refusal of this charge is waived.

[7] Refused charges 3 and 4 ask affirmative instructions as to both counts of the complaint. As we have seen, the evidence was in conflict, presenting a jury question as to both these counts, and therefore the refusal of these charges was not error.

Assignment of error No. 1 is not supported by the record, and hence will not be considered.

Assignment of error No. 2 is based upon a misconception of that part of the court's oral charge to which exception was reserved as follows:

"If you believe that he was in good standing, the next question for you to consider if this subordinate lodge over here suspended him, whether or not they had a right to suspend him, whether or not they were acting within the line and scope of their authority in suspending him, and whether or not the parent lodge would be bound by any action that that lodge did in that regard. As I say, if he was not in good standing, why, of course, that automatically suspended him; but, if he was in good standing, and this subordinate lodge took it upon themselves to suspend him in view of the fact that he was in good standing, the parent lodge would be bound by that action."

[8] As to whether plaintiff was in good standing as a member of defendant's subordinate lodge was a disputed issue of fact. The only connection which plaintiff had with the parent order was through and with the subordinate lodge by reason of its agency for the parent order. The subordinate lodge collected all dues and assessments and made all reports to the defendant by and through which a member remained in good standing or became suspended. So at last it was the action of the subordinate lodge, under delegated authority from defendant, which suspended plaintiff, if he was suspended. If as matter of fact plaintiff had not paid his dues as required, then he became automatically suspended, and his exclusion by the subordinate lodge was right. If, however, the subordinate lodge reported plaintiff as nonfinancial, when, in fact, he was financial, then the subordinate lodge committed a wrong, for which defendant is liable.

There is no exception reserved to that portion of the court's general charge as to damages recoverable under count B of the complaint; therefore assignment of error No. 3 is not supported by the record.

[9] If the plaintiff had, during his membership in the order, constantly paid his dues and assessments to the Grand Master Scribe instead of the Master Scribe, as is provided in the by-laws, and such payments had been recognized by defendant as a compliance

with plaintiff's obligation to pay, the defendant will not here be heard' to say that the officer of the lodge to whom payment was made did not have authority to collect from plaintiff the last payment which he claims to have paid. The court did not err in permitting plaintiff to make this proof. Moreover, after all this testimony had been gone into, the court, on motion of defendant, excluded the testimony that payments were made to the Grand Master Scribe.

[10] The court did not err in permitting plaintiff to prove what took place when he sought admission to the lodge to which, according to his testimony, he was entitled to attend. As has already been seen, the contract between plaintiff and defendant was entirely through defendant's local lodge. It was altogether upon the report of the local lodge that defendant acted with regard to this plaintiff and his standing and the gravamen of this claim is the exclusion from the rights and benefits incident to membership in good standing and the loss of the policy of insurance is only incidental recoverable damage.

[11] The duty of collecting assessments from members of defendant's order is by Law No. 12, placed upon the local lodge and not upon any particular officer. If, therefore, defendant's wife paid such assessments to the local lodge and to an officer who was in the habit of receiving such payments, the defendant would be bound. The court was therefore not in error in permitting proof of such payments; especially is this so where it is shown that some of the payments to this same party were ratified by an acceptance.

[12] As we have already pointed out, payments by members were to be made to the local lodge, and, when these payments were received by the local lodge, the obligation of the member to pay had been discharged. So that whether the payments were made to Thomas or to Joshua or to Paulk made no difference so long as the payments went to the local lodge of defendant.

[13] The question of payment of dues by plaintiff prior to May, 1922, was immaterial; and, even if the objection of plaintiff was sustained upon a ground which was not justified, such action would not justify a reversal.

[14] Upon the examination of L. B. Joshua, a witness for defendant, it was shown that Joshua was the officer designated by the local lodge to receive payments of dues and assessments from the members and that for this purpose Joshua had an assistant by the name of Paulk. It was shown by this witness that sick benefits were paid plaintiff up to and including May, 1922. This witness was then asked:

"After the lodge quit paying him sick benefits, did he ever pay any more money for his dues and assessments?"

This question was objected to upon the ground that there was higher and better evidence, the objection was sustained, and exception reserved. Defendant stated what he expected the answer to be so as to preserve the exception. That the question called for evidence germane to the issue is admitted; the sole ground of objection being that there was higher and better evidence of the fact sought. The inquiry in this case was not as to whether a record had been made of payments made by plaintiff to the local lodge, but whether, in fact, such payments had been made; nor was it shown that records had been made of all payments made by plaintiff. This witness was asked to state a fact independent of any record, and therefore the rule invoked by the objection does not obtain. The court, by its ruling, denied to defendant the testimony of its principal witness to the very fact upon which rested the defense of the case. This error entitles the defendant to a reversal.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.