(129 So. 487)

## INDEPENDENT LIFE INS. CO. v. WOODS.
### 8 Div. 19.

Court of Appeals of Alabama.

June 30, 1930.

Tennis Tidwell, of Decatur, for appellant.

Wert & Hutson, of Decatur, for appellee.

RICE, J.

Appellee's son, one Frank Woods, had his life insured by appellant corporation, naming appellee as the beneficiary, etc. The policy was issued on February 21, 1927, which was on Monday, at which time a weekly premium of 25 cents was, according to all the testimony, paid. A pertinently important portion of the first paragraph of the said policy is in the following language: "The Independent Life Insurance Company of America, incorporated under the laws of the State of Tennessee, in consideration of the payment of the weekly premium stated below on or before each Monday during the continuance of this policy, will pay, etc." (said weekly premium being twenty-five cents).

Another excerpt from the language of said policy, that will have a peculiar bearing upon our comments and decision, as hereinafter expressed, is as follows: "Premiums are payable only to an authorized representative of the company, and such premium payments, to be binding, must be properly credited, and receipted for by such representative in the premium receipt book pertaining to this policy. * * * No representative or employee of this company is authorized to receive or to credit or receipt for, in the said premium receipt books, premiums which are more than four weeks in arrears, etc."

And yet another is: "Should the insured die while the premiums on this policy are in arrears not exceeding four weeks, the company will pay the amount of insurance provided herein * * * but after the expiration of the said period, the Company's liability under this policy shall cease, etc."

Perhaps it is unnecessary to quote this provision in said policy: "This Policy shall be void * * * if any premium hereon shall not be paid when due according to the terms of this policy."

And it is sufficient to merely state that the policy provided for reinstatement, or revival, after lapsing under the "four weeks arrearage clause" above quoted within the period of one year from the date to which premiums had been duly paid, by insured complying with certain conditions, etc., therein set forth; and that, in the "receipt book," above referred to, it was specifically mentioned that "premiums are due each Monday in advance."

The suit, from the judgment in which, in plaintiff's favor, this appeal is taken, was brought by appellee in a complaint based upon the above-mentioned policy. There were

two counts, each, for all practical purposes here, in Code form. Code 1923, § 9531(12).

■ According to the language in appellee's brief, which seems to us to be correct, "the pleas raise the question as to whether * * * the policy had lapsed or * * * was in force at the time of the death of the insured." And, so far as we can see, *that* is the *only* question, raised by the large number of pleas interposed. By these pleas, and, according to appellant's testimony offered in support thereof, it was contended, as against the prima facie right to recover shown by appellee, by the introduction in evidence of the policy, which appeared to be regularly issued, etc., proof of her interest, and the death of insured, etc., that the policy had lapsed, prior to the death of insured, because the premiums were allowed to become in "arrears *exceeding* four weeks," and that there had been no revival, reinstatement, etc., according to the terms of the policy.

The facts shown by the undisputed testimony were that from the date of issuance of said policy, no further premium was paid on same until or before insured became desperately ill on March 26, 1927; from which illness he died on March 31, 1927.

Appellee's testimony, given by one Will Woods, a brother of insured, was to the effect that he, the said Will Woods, went to the office of one Hughes, the superintendent, etc., of appellant, on Sunday, March 27, 1927, and then and there paid to Hughes, for appellant, the sum of $1.50, for the weekly premiums due by insured from the date of the last and only payment on February 21, 1927, to and including the date of March 28, 1927, and then another 25-cent weekly payment even in advance of that. Appellant's testimony, on the above particular point, given by its witness, the said Hughes, was to the essential effect that the said Will Woods came to the office of Hughes on March 29, 1927, and deposited with Hughes $1.50 for the purpose, and in an effort which never became successful, and indeed, as events transpired, *could* never become successful—because, at the moment, insured was in the hospital, suffering from a fatal illness which brought on his death on March 31, 1927—to revive or reinstate said policy, etc., under its terms.

The "receipt" given by Hughes to the said Will Woods, for the $1.50, mentioned, which "receipt," as it is identified, and agreed to have been as it now appears, by both Will Woods and Hughes, has been, or rather a photostatic copy thereof has been, sent up as a part of the bill of exceptions, for our inspection. The said receipt is the regular printed form, shown, without dispute, to have been used by appellant whenever an authorized agent accepted money from one seeking to "revive" a policy which had lapsed. The date of the receipt is indicated thus "3/29/27," the figures having been admittedly made by the said Hughes. Appellee's witness Woods contended, and she now contends here on appeal, that the figures appearing upon said receipt, indicating its date, are *not* those we have set down.

Going back for a moment, we quote, as of benefit to us in reaching a point, as follows, from the brief of appellee's able counsel, filed here on appeal: " * * * The only question in the case * * * was whether or not the one dollar and a half was paid on March 27th, or March 29th." We *do·not* regard this as the *only* question in the case, but, since a critical inspection of the "receipt" sent up is so convincing that the "date" of same is as contended for by appellant, to wit, "3/29/27," and since the "form" of the receipt, viz., the regular "revival" form of receipt, appears to corroborate so strongly the testimony of appellant's witness Hughes, and to refute to a like degree the testimony of appellee's witness Will Woods, these things, taken in connection with other circumstances in the case—the fact that insured was, even on March 27th, fatally ill, in a hospital; that appellant had no knowledge of this; that no premium had been paid on the policy from the date of its issue, etc.,—render the conclusion by us inescapable that the trial judge erred in overruling appellant's motion for a new trial, on the ground that the verdict was against the overwhelming weight of the evidence. This for the reason that, as the case was tried below, verdict and judgment *could not* have gone in favor of appellee unless the jury had found that the date of the "receipt" offered in evidence was "3/27/27." In doing this, we are of the opinion the jury went against the weight of the evidence in such a way, and to such an extent, as that, under the long-established rule in this state, it was the duty of the trial judge, upon proper motion, which was filed, to have set said verdict aside. Cobb v. Malone, etc., 92 Ala. 630, 9 So. 738.

For the error in overruling appellant's motion for a new trial the judgment is reversed, and the cause remanded.

■ This disposes of the appeal, but we feel constrained to remark, in addition, that, so far as we can see, or are advised, the provision in said policy to the effect that receipts for premiums, to be binding, must be entered, etc., in the premium receipt book, is a valid one. If it is so—though we will not here and now declare it to be so—the fact that the "premium payments," which appellee's witness Will Woods asserts he made, were not "credited and receipted for" in the premium receipt book, etc., which is before us, *would* have entitled appellant, under the evidence in the record, to have been given, at its request, the general affirmative charge in its favor.

Reversed and remanded.