## GRAND LODGE, K. P. OF NORTH AMERICA, etc., v. GOODWIN.

### 6 Div. 396.

Supreme Court of Alabama.

Oct. 12, 1933.

Rehearing Denied Dec. 21, 1933.

598

Ross, Bumgardner, Ross & Ross, of Bessemer, for appellee.

John W. Altman and Fred G. Koenig, both of Birmingham, for appellant.

BROWN, Justice.

The question litigated on the trial was whether or not the deceased member, C. W. Goodwin, was "financial" at the time of his death, within the meaning of the certificate of insurance, the basis of plaintiff's action.

The appellant's contention is that the officer of the local lodge, in the parlance of the order designated as "Master of Finance," is the only officer authorized to receive the payment of dues of members and receipt therefor, and that no evidence was offered showing that Goodwin, or any one for him, paid his dues for the months of February and March, 1931, to the master of finance of the local lodge of which Goodwin was a member.

It is conceded, however, that plaintiff offered evidence going to show that the wit-

ness Chaney, Goodwin's son-in-law, paid to the "Keeper of Records and Seal" of said lodge the dues for said months and received a receipt therefor. Chaney testified that he made the payments to D. J. Horn, the "Keeper of Records and Seal," at the lodge hall, while the lodge was in session, the chancellor commander presiding and the "Keeper of Records and Seal" and the "Master of Finance" were at their respective posts.

Appellant's contention is predicated on a construction of sections 5, 6, and 7 of article III of the constitution of the order for the government of the order. These appear in the reporter's statement of the case.

When these sections of said Constitution are construed in connection with section 1 of article XXXI of the Grand Lodge, all of which are made a part of the contract, which provides: "Each member of the Order in this jurisdiction *must pay to his lodge* at its first meeting in each month the sum of one dollar in advance for such month of which eighty cents shall go to the mortuary fund, and the remaining twenty cents to the expense fund, of the endowment department. In the event a member fails to pay said dues by the first meeting of his lodge in the next *succeeding month, he shall then and there* stand suspended from the endowment department without further notice; and should his death occur while he is thus suspended, his beneficiary shall not be entitled to any benefits whatever," etc., the prescribed order of business, the twelfth item of which is "Calling Membership Roll, Collect Dues, Fines, etc.," and the regulation, "When a member is in arrears to the amount of $3.00 due all departments, the Chancellor Commander must suspend him in open lodge after written notice to the member," we cannot affirm, as a matter of law, that the payment of dues to the keeper of records and seal in open lodge where the other officers are at their respective posts, was not efficacious to preserve the good standing of the member and keep him "financial" within the meaning of the contract. National Order of Mosaic Templars of America v. Bell, 21 Ala. App. 401, 108 So. 636; Silvie v. International Order of Twelve of Knights & Daughters of Tabor, 19 La. App. 392, 140 So. 97; Rucker v. Most Worshipful St. John's Grand Lodge, etc. (La. App.) 142 So. 283; Sovereign Camp, W. O. W., v. Reed, 208 Ala. 457, 94 So. 910.

Defendant's special charges B and C were, therefore, refused without error.

Defendant's refused special charge CC was covered by the oral charge of the court, and the refusal of said charge was not reversible error, though the charge might well have been given. Lawman v. State, 207 Ala. 419, 93 So. 69.

In the light of the provisions in the constitution and by-laws of the order noted, the court did not err in allowing the plaintiff to show that it was the practice of the local lodge of which Goodwin was a member, to pay dues to the keeper of records and seal. This tended to show the interpretation by the lodge of its laws and regulations. Nor was there error in admitting as evidence the receipts issued to Goodwin for the payments, which Chaney testified he made for Goodwin, at Goodwin's request.

The defendant was not entitled to the affirmative charge, and there was evidence which, if given credence by the jury, entitled the plaintiff to a verdict. Southern Railway Co. v. Kirsch, 150 Ala. 659, 43 So. 796.

The record appears free from reversible error.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.